IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAY STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:13cv410-MEF-WC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.     INTRODUCTION

Plaintiff, Jay Stewart, filed his complaint with this court on June 13, 2013 based on the denial of his application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq*. On June 9, 2014, the District Judge entered an Order referring this case to the undersigned magistrate judge for "all pretrial proceedings and entry of any orders or recommendations as may be appropriate." Order (Doc. 14). For the reasons that follow, it is the RECOMMENDATION of the undersigned that this case be DISMISSED for failure to prosecute and abandonment of claims.

## II.    DISCUSSION

On June 17, 2013, the undersigned entered an Order requiring the Commissioner to file her answer to the Complaint within ninety (90) days. Order (Doc. 4). The

Commissioner complied, filing her Answer on September 16, 2013. Thus, according to this court's Order of June 17, 2013, Plaintiff's brief in support of his claims was due on or before October 26, 2013. *See Id.* at 1-2. Plaintiff failed to file his brief. Accordingly, on April 17, 2014, the undersigned ordered Plaintiff to "on or before May 1, 2014, show cause as to why his brief was not filed and why this case should not be dismissed for failure to prosecute and abandonment of claims." Order (Doc. 11). Plaintiff was "***warned that failure abide by this order will likely result in the dismissal of this action***." *Id*. (emphasis in original). Despite a return receipt card indicating that Plaintiff received the April 17, 2014 Order, *see* Receipt (Doc. 12), Plaintiff has failed to show cause.

A brief outlining Plaintiff's claims is necessary in this case. The only statements in the Complaint in support of Plaintiff's contention that the Commissioner's decision to deny benefits was erroneous are as follows:

> "I'm over mecated [sic] have to sleep a lot, I stand my feet swell, anxiety, I black out in the heat[,] I don[']t have a drivers licens [sic] anymore from blacking out & crashing my truck twice from the heat. Chest pain from simple activity. Shortness of breth [sic]."

Comp. (Doc. 1) at 2. This is merely a list of ailments from which Plaintiff presumably suffers, but the statements are not sufficient to set forth any argument regarding any error in the administrative process that denied Plaintiff benefits.

Considering the time that has expired since the filing of the Complaint and the orders and warnings issued by the court, it is clear that Plaintiff has no intention of

prosecuting this action and has abandoned his claims.

### III.  CONCLUSION

Accordingly, for the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED for failure to prosecute and abandonment of claims.  It is further

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation **on or before June 30, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  S*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 16th day of June, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE